Dear Mr. Coenen:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. Your request indicates that Tensas Basin Levee District ("Levee District") has under its jurisdiction a stream called Big Creek. You further indicate that the people of Franklin Parish have requested the Franklin Parish Police Jury, with the help of the Levee District, construct a boat ramp facility so that the public will have access to Big Creek.
Presently, the Tensas Basin Levee Board ("Levee Board") is considering paying part of the costs to construct the boat ramp. However, the Levee Board does not want to have ownership of the boat ramp for liability reasons and is considering transferring its interest in the boat ramp to Franklin Parish in exchange for Franklin Parish operating and maintaining the ramp. You have asked for opinion on the legality of this proposed course of action.
Since the question presented contemplates the expenditure of public funds, it must be addressed in light of the provisions of Louisiana Constitution Article VII, Section 14, which provides, in pertinent part, the following:
 " § Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .'
 * * *
 (C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual."
As quoted above, Paragraph (A) generally prohibits the loan, pledge, or donation of public funds. Paragraph (C) of Section 14 authorizes the state and its political subdivisions, to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private associations and corporations and/or individuals. However, Paragraph (C) merely supplements the prohibition against donations contained in Paragraph (A). It does not create an exemption or exception from the general constitutional norm. In other words, the cooperative endeavor must meet the general standards for the non-gratuitous alienation of public funds established in Paragraph (A).
Guided by the standard expressed in City of Port Allen v. LouisianaRisk Management, et al., 439 So.2d 399 (La. 1983), which holds that Article VII, Section 14 is violated "whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so", this office has consistently opined that in order to be constitutionally sanctioned, a cooperative endeavor must meet the following three requirements: 1) The entity must have a legal obligation to expend public funds; 2) The agreement must be for a public purpose; and 3) The cost must be proportionate to the public benefit.
However, in The Board of Directors of the Industrial Development Boardof the City of Gonzales, Louisiana, Inc. v. All Taxpayers, propertyowners, citizens of the City of Gonzales, et al., 2006 WL 2548480 (La.), 2005-2298 (La. 9/6/06), the Louisiana Supreme Court found the City ofPort Allen standard to be an "unworkable and incorrect interpretation of La. Const. art. VII, Section (A)" and accordingly articulated a new standard. The new standard effectively holds that Article VII, Section 14 is violated "only when the public funds or property are gratuitously alienated".
Whether public funds or property are "gratuitously alienated" ultimately depends on the facts and circumstances surrounding the proposed expenditure. As a general rule, the Attorney General's Office refrains from conducting factual evaluations. However, in order to be acceptable, we believe a cooperative endeavor must meet the following three requirements: 1) The entity must have a reasonable expectation of receiving something of value in exchange for the proposed expenditure of public funds; 2) The agreement is for a public purpose; and 3) The cost must be proportionate to the public benefit.
In Attorney General Opinion No. 92-722, we determined that the Recreation and Park Commission for the Parish of East Baton Rouge (BREC) could enter into a cooperative endeavor with the Santa Maria Partnership in Commendum to share the cost of a public access road and to pay for a railroad grade crossing to afford public access to the Santa Maria Golf Course.
In Attorney General Opinion No. 80-1238 we determined that pursuant to a valid cooperative endeavor, Recreation District No. 5 of Livingston Parish could provide funds to transfer ownership of and maintain a gymnasium to a local school board.
Accordingly, it is our opinion that it would be permissible for the Levee District and the Franklin Parish Police Jury to engage in a cooperative endeavor in order to construct a boat ramp facility, whereby the Levee District would contribute funds or monies to help in the construction of the boat ramp landing, with the sole ownership and management of the boat ramp being transferred to the Franklin Parish Police Jury.
Although we are not in a position to determine whether the proposed expenditure is proportionate to the perceived public benefit, we do believe the Levee District has the requisite authority to expend public funds and the expenditure is for a public purpose. Further, in our opinion, the recreational opportunities provided to the District's citizenry by the newly constructed boat ramp provides a bona-fide public benefit. Accordingly, we are of the opinion that the proposed transaction is acceptable.
We trust this adequately responds to your request. If you should have any questions about the response contained herein, please feel free to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY:__________________________ MICHAEL J. VALLAN Assistant Attorney General
CCF, JR/MJV/crt